Good morning, Your Honor. For the Police, the Court, I am Michael J. Trim and I represent Mr. Sweeney. The point that I'd like to make with regard to the oral presentation this morning has to do with the fact that I think both the state court opinion and the magistrate judge's opinion as adopted by the district court made this mistake. And the mistake is that they ignored the language from the United States Supreme Court cases that said that the confession is redacted to eliminate not only the defendant's name but any reference to his or her existence. Counsel, there are two Supreme Court cases, Gray and Richardson. And I don't think it's fair to say the state court ignored them. It talked about them pretty extensively. And when it talked about them, it said this falls on the good side and not the bad side. Now, the way I read those two cases, it looked as though it was a reasonable interpretation of them that if when the statement is read to the jury, it says some other guys, that's on the good side of the line. And if it says me and deleted and deleted, it's on the bad side of the line. Why wasn't the state court's interpretation a not unreasonable interpretation of Gray and Richardson? Because, Your Honor, as I just indicated, and it's from both of the two cases that Your Honor identified, it's a two-pronged, if you will, it's a two-pronged test. One of them is that the defendant's name is redacted. But the second part is to eliminate not only the defendant's name, the second part being, but any reference to his or her existence. And that's what the difference is. Because in this case ---- I thought Richardson said it's okay if taken together with other evidence, it does implicate the defendant. But as long as they use ---- I think they used the some other guys language in Richardson, didn't they? I don't believe that they did. But that part that Your Honor just referenced to has to ---- it comes into play when the statement is redacted to eliminate both of the things that Richardson says it had to redact. And that's what didn't happen in this case. The defendant's existence was, in fact, part of the statement. And therefore, you don't get to the part that Your Honor just referenced, which is, can you identify the defendant through some other material? The point is that the statement did, in fact, posit the existence of the defendant. And Richardson says it can't. Well, are you saying there's a bright line rule that a redacted confession can never refer to another person, period? That's what it sounds like you're saying. If that person's in a joint trial, yes. So you can never have any reference to anybody else. It's got to be so cleaned up that it looks like it was an independent act with no other people involved. If, when you're talking about other people, you're talking about the co-defendant sitting in the same trial, yes. You also have a cautionary instruction here, right? Yeah. You are to consider this evidence only as it relates to Defendant Howard. You are not and should not consider it for any other purpose whatsoever regarding Defendants Sweeney, Collier, and Owens. And the cases that we're talking about from the Supreme Court have said that that limiting instruction isn't sufficient. In and of itself. But if you add it to the redaction, why isn't it? Because what was not redacted was the reference to the existence of the other person. When the redaction includes that reference, meaning the reference to the existence of the other person, that limiting instruction is not sufficient. So all plural pronouns are out. We, those kinds of things. No we's, no they's, no nothing. Not if you have a co-defendant sitting there who doesn't get a chance to cross examine. So the way you'd have to redact, it would be, I was driving the car, and while I was driving the car, I was sitting in the back seat counting the money. And I was also sitting in the front seat spotting street signs. In this case, the redaction should simply have been that Mr. Howard told Mr. Knight that I robbed the such and such and such bank. Now, that could. Incidentally, is it, is it correct that in this case, the defendant, I think it's Sweeney, had one of the few alibis that's worth anything? He was actually in jail at the time of the other robbery? Well, he wasn't charged in the other robbery, and yes, he was in jail. He was in jail at the time. That's a great alibi. Right. But he wasn't charged, he wasn't charged with it, so he didn't need the alibi. But the reason I asked you that is I wonder if it bears on whether there could be any harm to him. The evidence that the other robbery was done while he was in jail supports rather than detracting from his argument that he has nothing to do with this robbery. I don't think that it does. He wasn't charged. I'm not one of the robbers in this particular robbery group. Since he wasn't charged in the second robbery, there isn't any issue about whether or not he was part of it. Well, but you could say it's a sort of a streak of robberies. You know, you can prove that you weren't part of one. The inference is, well, you know, I wasn't part of that one, and I wasn't part of anything. You know, here they go ahead with robbing without me. Suggests that they are a team that doesn't include your client. It's not a strong inference, but it's an inference. Except in this case we have the gang testimony that puts all of these people, several of whom were not charged with the second robbery, in the gang, and the government's thrust is that this is a business activity that this gang engages in. Only not everybody in the gang shows up for every robbery. So to argue I wasn't at the second robbery, I don't, I submit isn't much of an argument as to the fact that I wasn't at the first one. His argument for not being at the first one is that there's no identification with him, that his physical description is completely different from any identification, and the only evidence they have is that he gets arrested in this car that we're talking about that is the subject of the statement. Counsel, I found what I should have said to you before. I asked my question poorly before. In Gray, the Supreme Court says that the offending statement was by the policeman. Who was in the group that beat Stacy? Me, deleted, deleted, and a few other guys. And that's the way the policeman read it. And then the Supreme Court says, why could the witness not instead have said, question, who was in the group that beat Stacy? Answer, me and a few other guys. So it looked to me as though what the California court did was figure me and some other guys is like me and a few other guys, and the implication of this discussion on page 196 of Gray is that if you say me and a few other guys, that's okay. You just can't say me, deleted, deleted, and a few other guys, because they say we hold that the confession here at issue with substituted blanks and the word delete for the petitioner's proper name falls within the class of statements which Bruton applies. And the reason why they said that it falls within that is because it identifies the existence of the other people, which is. Well, but they say a few other guys is okay. Well, I don't think that that's what they say. I think what they say here actually. That's a direct quotation. They say, quote, the blank space in an obviously redacted confession also points directly to the defendant and that accuses the defendant in a manner similar to a testifying co-defendant's accusatory finger. And what the Supreme Court seems to have drawn the line at is the policeman saying me, deleted, deleted, broadcasting to the jury, I'm not allowed to tell you the defendant's name in this statement. The two things. I understood the discussion not to be a holding in that case because the issue wasn't presented, which is why I said that's not what they held. Now, they may have talked about it, but they didn't hold it. Well, I don't know if they did. But they did hold in Richardson, which they adopted in the second case. But it's hard to say that a State court is unreasonable in its reading of the opinion when they do what the opinion seems to suggest is the right thing to do, even if it's dicta, even if it's a completely unnecessary result. It does bear on the reasonableness of the State court's deputation. I think this is where we are stuck. What the State court didn't consider and didn't discuss is what does it mean from both of those cases where it says that you have to redact not only the name but, quote, any reference to his or her existence. The State court didn't discuss what does that mean, any reference to his or her existence. And in this case, that reference is there. Okay. Thank you. Thank you. Good morning. May it please the Court, Ron Jacob, Deputy Attorney General for Respondent. Good morning, Mr. Jacob. How are you? Very good, Your Honor. Is there anything this morning that you've heard that isn't adequately responded in your brief? No, Your Honor, unless the Court has any questions, we'd be prepared to submit. Thank you. The case is now in the stand submitted. Thank you, Your Honor. We will next hear argument in the last case. Pardon? Fine with me. Okay. The next case on the calendar, Bonneau v. City of Los Angeles.
judges: Kozinski, Trott, Kleinfeld